IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor<br>United States Department of Labor,<br><br>                 Plaintiff,<br><br>            v.<br><br>DISTRICT LODGE NO. 141,<br>INTERNATIONAL ASSOCIATION OF<br>MACHINISTS AND AEROSPACE<br>WORKERS, AFL-CIO,<br><br>                 Defendant. | )<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff Hilda L. Solis, Secretary of Labor, alleges as follows:

### Nature of the Action

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the June 2010 election of union officers conducted by District Lodge No. 141, International Association of Machinists and Aerospace Workers (Lodge 141), AFL-CIO, for the office of Assistant General Chairman is void, and directing Lodge 141 to conduct a new election for this office under plaintiff's supervision, and for other appropriate relief.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

**Parties**

4. Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant District Lodge 141 is, and at all times relevant to this action has been, an unincorporated association residing within the County of Cook, Illinois, within the jurisdiction of this district.

**Factual Allegations**

6. Defendant is, and at all times relevant to this action has been, an intermediate labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(d) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(d)).

7. Lodge 141, purporting to act pursuant to its By-Laws, conducted an election of officers on June 2010 and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By a letter to the complainant, Robert Kraves, dated March 24, 2010, Lodge 141's Secretary-Treasurer, informed Kraves that he met the nomination requirement to be considered a candidate for the office of Assistant General Chairman and accordingly requested that Kraves provide defendant's Secretary-Treasurer with a notice of acceptance or rejection of the nomination.

9. Kraves provided Lodge 141's Secretary-Treasurer with his written notice of acceptance by letter dated March 30, 2010.

10. Kraves was later declared ineligible to run for office in an undated letter signed by the Lodge 141's Secretary-Treasurer and received by Kraves on April 19, 2010, informing him that he

did not meet the two-year continuous good standing qualification for eligibility to run for union office because he had a lapse in his dues payment in November 2008, December 2008, and January 2009.

11.  By letter dated April 29, 2010, Kraves appealed the decision of Lodge 141 to the International Association of Machinists and Aerospace Workers (International).

12.  By letter dated May 11, 2010, the International General Vice-President denied the protest.

13.  Having exhausted the remedies available under Lodge 141's governing documents and having received a final decision, Kraves filed a timely complaint with the Secretary of Labor on May 19, 2010, within the one calendar month required by section 402(a)(1) of the Act (29 U.S.C. § 482(a)(1)).

14.  Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Secretary of Labor investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's June 2010 election; and (2) that such violations had not been remedied at the time of the institution of this action.

## Cause of Action

15.  Defendant District Lodge 141 violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election in that a member in good standing who had authorized dues payment under a dues check-off system provided for in the collective bargaining agreement, who had earnings from which dues could have been deducted in November 2008, December 2008,

and January 2009, and who received no notice of any dues delinquency was declared ineligible to be a candidate for office inasmuch as the employer failed to deduct dues from the member's earnings.

16. Lodge 141 violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by denying other union members in good standing the right to vote for or otherwise support the candidate of their choice when the union improperly denied a member the right to run for union office.

17. The violations of section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of the Lodge 141's election for the office of Assistant General Chairman.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Lodge 141's election for the office of General Assistant Chairman to be void;

(b) directing Lodge 141 to conduct a new election for the office of General Assistant Chairman under the supervision of the Plaintiff;

(c) for the costs of this action; and

    (d)  for such other relief as may be appropriate.

Respectfully submitted,

TONY WEST
Assistant Attorney General

PATRICK J. FITZGERALD
United States Attorney

By: s/ Craig A. Oswald
CRAIG A. OSWALD
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9080
craig.oswald@usdoj.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

JOAN E. GESTRIN
Regional Solicitor

BRENDA J. STOVALL
Attorney
U.S. Department of Labor